**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

ANTONIO BENJAMIN JACKSON, #198892    :

   Petitioner                                                                   :

      v.                                                                         :    Civil Action No. PJM-06-3264

JAMES SMITH, WARDEN, *et al.*                        :

   Respondents                                                             :

**MEMORANDUM OPINION**

On December 4, 2006, Antonio Benjamin Jackson filed the above-captioned Habeas Corpus Petition seeking to vacate his November 8, 1993, convictions and January 4, 2004, sentences imposed in the Circuit Court for Baltimore City. On December 12, 2006, this Court entered an order directing Respondents to address the timeliness of the petition. Paper No. 3. The Court is now in receipt of Respondents' answer and Petitioner's response thereto. Paper Nos. 7 and 11. After due consideration of the pleadings and exhibits, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(d) & (e)(2). For the reasons that follow, the Petition will be denied and dismissed as time-barred.

**Procedural History**

Petitioner seeks to challenge his 1993 conviction in the Circuit Court for Baltimore City for first degree murder, attempted second degree murder, and handgun offenses.[1] Paper No. 7, Exhibit 1. Petitioner's appeal was denied by the Court of Special Appeals of Maryland on October 20, 1994. *Id.*, Exhibit 2. Certiorari to the Court of Appeals of Maryland was denied on March 7, 1995. *Id.*,

---

[1]    Petitioner was sentenced to life imprisonment plus 35 years. *Id.*, Exhibit 1.

Case 8:06-cv-03264-PJM   Document 12   Filed 05/21/07   Page 2 of 3

Exhibit 3. Petitioner did not seek further review in the Supreme Court of the United States. His conviction thus became final on June 7, 1995. *See Clay v. United States*, 537 U.S. 522, 525 (2003).

On December 3, 2003, Petitioner initiated post-conviction proceedings in the Circuit Court for Baltimore City. Paper No. 7, Exhibit 1. Following a hearing, the Petition was denied on July 26, 2005. *Id.*, Exhibit 1. A Motion to Alter or Amend Judgment was filed on August 8, 2005, and denied on August 29, 2005. *Id.*, Exhibit 1. On September 28, 2005, Petitioner filed an application for leave to appeal denial of post-conviction relief. *Id.*, Exhibit 1. The application was summarily denied by the Court of Special Appeals of Maryland on June 21, 2006. *Id.*, Exhibit 4. A Motion for Reconsideration of the denial of the application for leave to appeal, filed July 18, 2006, remains pending. *Id.*, Exhibit 5.

## Legal Analysis

In an effort to curb lengthy delays in filing federal habeas corpus petitions, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, substantively modifying the scope and context of federal habeas corpus review of challenges to state court convictions. Among the changes made by this law was the addition of a one-year statute of limitations in non-capital cases for persons convicted in a state court. *See* 28 U.S.C. §2244(d);[2] *see also Harris v.*

---

[2]   This section provides:

    (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

-2-

*Hutchinson*, 209 F.3d 324, 328 (4th Cir. 2000). Because his conviction became final prior to passage of the AEDPA, the limitations period set forth in 28 U.S.C. § 2244(d) began to run in Petitioner's case on April 24, 1996, and expired April 24, 1997. *See Brown v. Angelone*, 150 F.3d 370, 371-76 (4th Cir. 1998); *Hernandez v. Caldwell*, 255 F.3d 435, 438-39 (4th Cir. 2002). Plaintiff did not initiate state post-conviction proceedings until December 3, 2006, more than six years after expiration of the one-year limitations period. He suggests his post-conviction attack was delayed due to "fraudulent...conceal[ment] by the state government's enforced actions."[3] He does not, however, explain the nature of the concealed information, nor indicate when such information was learned by the defense.

The Petition is time-barred. It shall be dismissed by way of a separately filed Order.

  5/21/07  
   Date

                    /s/                    
PETER J. MESSITTE  
UNITED STATES DISTRICT JUDGE

---

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3]   This Court assumes Petitioner is referencing his post-conviction claim that exculpatory evidence was withheld in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).